UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| v. ) | Criminal No. |
| ) | 19-10043-FDS |
| JAMES HILAIRE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON**
**MOTION FOR PRE-PLEA PRE-SENTENCE REPORT**

**SAYLOR, J.**

Defendant James Hilaire has filed a motion requesting that the Court order preparation of a "pre-plea presentence report"—that is, a presentence report prepared prior to a change of plea or other adjudication of guilt. Defendant seeks such a report in order to obtain a criminal history calculation, determine his eligibility for safety valve consideration, and to obtain the benefit of probation's views on his sentencing guideline calculations.

There is nothing in the Federal Rules of Criminal Procedure that expressly indicates that the Court can order a presentence report to facilitate plea discussions, although Rule 32(e)(1) and the Advisory Committee Notes suggest that the creation of a pre-sentence report prior to a plea of guilty may be permissible under some circumstances. However, to the extent the Court has the authority to order a pre-plea presentence report, it declines to exercise that authority under the circumstances presented here. *See United States v. Kearns*, 109 F. Supp. 2d 1309, 1318-19 (D. Kan. 2000).

First, such an order would require the government, as a practical matter, to disclose its

evidence and arguments in detail at an earlier stage than would otherwise be required. While the government does not have a legitimate interest in trial by ambush or surprise, it does have a legitimate interest in the orderly disclosure of information to the defense in accordance with a reasonably predictable timetable. That interest is reflected, among other things, in Local Rule 117.1(a), which provides for the presumptive disclosure of information to the defense at various stages (for example, exculpatory information and a description of matters proposed to be offered under Fed. R. Evid. 404(b) must be disclosed 21 days before trial; names and addresses of witnesses and exhibits must be disclosed 7 days before trial).[1] Furthermore, the government must frequently weigh its interest in the prosecution of a particular case or the proof of a particular fact (and the concomitant disclosure obligations) against its competing interests in maintaining the secrecy of ongoing criminal investigations and intelligence efforts. That balance must be struck in a dynamic environment that often changes over the course of a prosecution, as witnesses cooperate, new evidence becomes available, or the government simply comes to understand more fully the import of the evidence before it. The creation of a pre-plea presentence report, which would require detailed disclosure of evidence and argument at a relatively early stage, has the substantial potential to disrupt the ability of the government to strike the requisite balance.

Second, the interview of the defendant is, ordinarily, a critical component of the presentence investigation. *See* Fed. R. Crim. P. 32(c)(2). Presumably, a defendant would assert his Fifth Amendment rights and refuse to cooperate with probation prior to any adjudication of

---

[1] The Jencks Act provides, among other things, that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a), see Fed. R. Crim. P. 26.2 (implementing Jencks Act). Although, for practical reasons, the Jencks Act is rarely (if ever) followed literally, it is nonetheless evidence of a Congressional intent to regulate the timing of disclosure of at least one category of information by the government to the defense.

guilt. The presentence report would therefore be incomplete or inaccurate in material respects. Furthermore, because in the ordinary course the defendant would cooperate with probation after the entry of a guilty plea, and the report thus would have to be revised prior to the time of sentencing. The Court is hesitant to add to the burdens of the probation department absent a showing of good cause.

Third, there is substantial potential for misunderstanding and unfairness in the creation of a pre-plea presentence report. Such a report might create expectations about a tentative guideline sentencing range that could vary considerably from the range ultimately used at sentencing. That, in turn, might lead to later claims that the plea was not knowing and voluntary or, if the defendant declines to plead guilty, claims of government misconduct if the government subsequently changes any of its factual or legal positions.

Fourth, as a practical matter, the creation of a pre-plea presentence report is disruptive to the normal work flow of probation. The creation of such a report inevitably must occur on an expedited basis and adds to the short-term workload of probation or causes delays in the preparation of regular presentence reports.

Finally, the Court notes that Rule 11(c)(1) strictly prohibits the Court from participating in plea discussions. The plain purpose of the request is to facilitate such discussions, and the Court is reluctant to assert its authority into that process.

In appropriate instances, the Court in its discretion may direct the probation office to provide certain information to the parties in a criminal case where such a report would clearly serve the ends of justice and not create an undue burden. For example, the Court might direct probation (or pre-trial services) to prepare a criminal history if the defendant demonstrated that the history was relevant to the case and that it was unduly difficult or burdensome under the

circumstances for the defendant to compile the information. The defendant's criminal history is already a matter of public record, its impact on sentencing is ordinarily straightforward and predictable, and it is included in the presentence report regardless of the defendant's willingness to cooperate. Therefore, the compilation of such information prior to the guilty plea would not generally give rise to the concerns identified above. Ordinarily, therefore, upon reasonable request, probation may provide a copy of defendant's criminal history to both parties.

Accordingly, and for the foregoing reasons, defendant's motion for a pre-plea presentence report is DENIED. Probation may, upon reasonable request, compile and provide a copy of defendant's criminal history to the parties.

**So Ordered.**

Dated: July 24, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge